UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KEVIN GENE LYDAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-0479 WL |
| | ) | |
| ST. ANTHONY HOSPITAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Kevin Lyday, a prisoner confined at the Miami Correctional Facility ("MCF"), submitted a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his federally protected rights. The defendants are St. Anthony's Hospital, MCF Superintendent Walter Martin, and MCF Medical Director Chad Barr.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Lyday brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the

United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In paragraph one of his complaint, Lyday alleges that while he was at the Westville Correctional Facility his lung collapsed and he was taken to St. Anthony's Hospital. At the hospital, a staff member tried to put a tube in him, but "did not know what he was doing" and punctured his left side, causing excruciating pain. (Complaint at p. 3-4). He states that he continues to have pain and that he can't lay on his side. In paragraphs two through eight of his complaint, Lyday complains that, in addition to refusing to deal with his lingering pain from this incident, the medical staff at the MCF has either refused to treat him or has provided inadequate treatment for a variety of medical problems.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Eighth Amendment principles prohibit prison officials "from intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Gil v. Reed*, 381 F.3d 649, 664 (7th Cir. 2004).

Deliberate indifference is comparable to criminal recklessness, *Farmer v. Brennan*, 511 U.S. at 837, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992), citing *McGill v. Duckworth*, 944 F.2d at 347. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1986). Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). "To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted).

Lyday states that an unnamed employee of St. Anthony's Hospital caused him pain and injury because he did not know what he was doing. He has not sued this individual, but has named his employer, St. Anthony's Hospital, as a defendant.

Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates'

4

actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Lyday may not name St. Anthony's Hospital as a defendant in a § 1983 damage action based on the doctrine of *respondeat superior*. Moreover, Negligence, medical malpractice, and incompetence do not constitute deliberate indifference, *Estelle v. Gamble*, 429 U.S. at 106; *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000), so Lyday's allegations would state no claim against the St. Anthony's employee, who he asserts did not know what he was doing when he treated Lyday..

Lyday's remaining medical claims deal with allegations that he has been denied treatment or has been provided inadequate treatment by medical staff members at the MCF. "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)**.** Giving Lyday the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his claim that he was denied adequate medical treatment at the MCF for medical problems and pain.

Lyday names MCF Superintendent Martin and Medical Director Chad Barr as defendants. Superintendent Martin was presumptively not personally involved in Lyday's medical treatment. *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981). (prison superintendent not personally involved in day-to-day operation of the institutional hospital, and not responsible for treatment decisions). Supervisory liability will be found only if the supervisor, with knowledge of the subordinate's conduct, approves of the

conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted).

Defendant Barr, as medical director, may be a proper defendant, depending on his involvement with Lyday's treatment. Accordingly, the court will allow Lyday to proceed against defendant Barr. The court advises the plaintiff that defendant Barr may not be responsible for some or all of the allegations of mistreatment he raises, and that he may wish to amend his complaint to name as defendants any individual doctors or nurses who he believes denied him treatment. If he does not know the names of medical staff members who treated or failed to treat him, he may conduct discovery against defendant Barr.

Finally, in paragraph nine of his complaint Lyday alleges that he was "sexually threaten[ed]" by officer Shook. Lyday has not named Officer Shook as a defendant, and he cannot hold Supt. Martin responsible for Officer Shook's behavior under the doctrine of *respondeat superior*. Moreover, the rest of Lyday's claims deal with medical treatment, and *George v. Smith*, 507 F.3d 605 (7th Cir. 2007) precludes him from bringing unrelated claims in the same action. Accordingly, even had Lyday sought to name Officer Shook as a defendant, he could not have brought that claim in this case.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendant Chad Barr in his personal capacity for damages in his official capacity for injunctive relief on his Eighth Amendment claims that medical staff members at the Miami Correctional Facility were deliberately indifferent to his serious medical needs;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), St. Anthony's Hospital, defendant Chad Barr, and all other claims presented in the complaint;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that, upon service of process upon him, defendant Barr is to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendant Chad Barr, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint

SO ORDERED.

DATED: January 12 , 2009

s/William C. Lee  
William C. Lee, Judge  
United States District Court